UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA C. DOUTEL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | |
| v. | : | |
| | : | |
| CITY OF NORWALK; CHIEF HARRY W. RILLING, | : | |
| In His Individual and Official Capacities; LIEUTENANT | : | |
| THOMAS MATERRA, In His Individual and Official | : | |
| Capacities; SERGEANT JAMES WALSH, In His | : | |
| Individual and Official Capacities; OFFICER JARED | : | |
| ZWICKLER, In His Individual Capacity; OFFICER | : | |
| WILLIAM CURWEN, In His Individual Capacity; | : | |
| OFFICER JEREMY SALLEY, In His Individual Capacity; | : | |
| OFFICER KENNETH FLUDD, In His Individual Capacity; | : | |
| and OFFICER FRANK REDA, In His Individual Capacity, | : | DEMAND FOR TRIAL BY JURY |
| | : | |
| Defendants. | : | JULY 25, 2011 |

## COMPLAINT

**INTRODUCTION**

1. This action arises from an unlawful search and seizure of firearms from the home of Plaintiff Barbara C. Doutel on February 16, 2011, in the City of Norwalk.

**PARTIES**

2. The Plaintiff Barbara C. Doutel ("Plaintiff") is an individual residing at all times relevant to the Complaint in the City of Norwalk.

3. The Defendant City of Norwalk ("City") is a municipality duly organized, incorporated, and chartered under and pursuant to the laws of the State of Connecticut.

4. The Defendant Harry W. Rilling ("Chief Rilling"), at all times relevant, was employed by the City as Chief of the Norwalk Police Department and is sued in his official and individual capacities.

5. The Defendant Thomas Materra ("Lieutenant Materra"), at all times relevant, was employed by the City as a Lieutenant of the Norwalk Police Department and is sued in his official and individual capacities.

6. The Defendant James Walsh ("Sergeant Walsh"), at all times relevant, was employed by the City as a Sergeant in the Norwalk Police Department and is sued in his individual capacity.

7. The Defendant Jared Zwickler ("Officer Zwickler"), at all times relevant, was employed by the City as an Officer in the Norwalk Police Department and is sued in his individual capacity.

8. The Defendant William Curwen ("Officer Curwen"), at all times relevant, was employed by the City as an Officer in the Norwalk Police Department and is sued in his individual capacity.

9. The Defendant Jeremy Salley ("Officer Salley"), at all times relevant, was employed by the City as an Officer in the Norwalk Police Department and is sued in his individual capacity.

10. The Defendant Kenneth Fludd ("Officer Fludd"), at all times relevant, was employed by the City as an Officer in the Norwalk Police Department and is sued in his individual capacity.

11. The Defendant Frank Reda ("Officer Reda"), at all times relevant, was employed by the City as an Officer in the Norwalk Police Department and is sued in his individual capacity.

**JURISDICTION**

12. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1343(3) because it asserts claims under 42 U.S.C. § 1983 based on the deprivation of rights guaranteed by the United States Constitution.

**ALLEGATIONS OF FACT**

13. The Plaintiff currently resides and did reside on February 16, 2011, with her husband Duane Doutel ("Doutel") in their home at 12 Maher Drive in the City of Norwalk, Connecticut.

14. As a consequence of and following the horrific home invasion and triple homicide which occurred in a Cheshire, Connecticut, single-family home on July 23, 2007, by two men released on parole by the State of Connecticut, the Plaintiff applied for and obtained a Connecticut Pistol Permit.

15. The Plaintiff and her husband own and possess firearms in their single-family home for personal protection; specifically, the Plaintiff owns a Sig Sauer P232 .380 s/n S276935, a Sig Sauer P225 9mm s/n M402425, a Marlin Model 31 rifle, and a Winchester rifle with a scope.

16. On February 16, 2011, Officer Zwickler received a complaint from Internal and Respiratory Associates, P.C., a medical office operated by Dr. Igal Staw ("Dr. Staw") at 83 East Avenue, Suite 302, Norwalk, Connecticut, regarding a voice message left at the office by Duane Doutel.

17. Officer Zwickler learned that Duane Doutel had been a patient of Dr. Staw and listened to the voice message left by Duane Doutel concerning Duane Doutel's need for pre-surgery physical and blood test results to ensure that a scheduled surgery proceed as planned.

18. Officer Zwickler listened to the voice message left by Duane Doutel on the evening of February 15, 2011, at Dr. Staw's office.

19. Duane Doutel's February 15, 2011, voice message left at Dr. Staw's office states in its entirety:

> Hi this is Duane Doutel a former patient of Dr. Staw's ah I paid at my last visit for an EKG and a CBC which were pre op and they have not been forwarded despite several requests to the surgeon. He will provide those because I paid for them up front, I want them forwarded, if I haven't heard within 48 hours that those results have been forwarded to Dr. Altman, I will be walking into the office, and it will not be pretty, do you understand me? I paid for those up front, you will provide them. I will see to it that a valid A1C is done, not the botched one that Dr. Staw ran without fasting. Thank-you.

20. Dr. Staw informed Officer Zwickler that Duane Doutel regularly carried a revolver with him to his checkups and kept it under his clothing in the examination room, conduct described by the office manager Janine Roy as "brandishing."

21. Dr. Staw's office manager, Janine Roy, told Officer Zwickler that she believed Duane Doutel was a radical right-wing individual with racist ideas.

22. At that time, Officer Zwickler contacted Norwalk Police Department communications and learned that Duane Doutel held a valid Connecticut Pistol Permit.

23. A records check performed by the Norwalk Police Department informed Officer Zwickler that Duane Doutel had several firearms registered under his name.

3

24. When Officer Zwickler telephoned Duane Doutel at his home, Duane Doutel declined to discuss the voice message with Officer Zwickler at the Norwalk Police Department.

25. Officer Zwickler asked Duane Doutel if he would permit Officer Zwickler in his home to discuss the voice mail.  Duane Doutel initially agreed then had a change of mind and advised Officer Zwickler, "Don't come to my house without a warrant.  Don't come here unless you're going to arrest me."

26. Officer Zwickler then advised Duane Doutel that he would be arriving at the Doutel home to arrest Doutel.

27. Officer Zwickler, Lieutenant Materra, Sergeant Walsh, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda arrived at the Doutel home on February 16, 2011.

28. When the seven Defendants named in the foregoing paragraph arrived at the Doutel home, Norwalk Police Department communications called Doutel and ordered Doutel to exit his home.

29. Duane Doutel complied with the order from Norwalk Police Department communications, exited his home, and stood in his yard.

30. Officer Fludd and Officer Salley immediately handcuffed and searched Doutel.

31. The seven Defendants named in paragraph 27, above, compelled Doutel, while under arrest and handcuffed, to guide them through his home to locate firearms.

32. Duane Doutel is a fifty-six year old man, an honorably discharged Veteran, with no criminal history.

33. The seven Defendants named in paragraph 27, above, seized all firearms in the Doutel home, including firearms owned by the Plaintiff and not Duane Doutel, notwithstanding a list of the firearms owned by Duane Doutel obtained previously by said seven Defendants.

34. Said seven Defendants seized all the firearms in the Doutel home as evidence in the arrest of Duane Doutel for the voice message left by Duane Doutel at Dr. Staw's medical office.

35. The Plaintiff by letter dated May 15, 2011, demanded return of her lawfully owned and possessed firearms that were unlawfully seized from her home by members of the Norwalk Police Department on February 16, 2011.

36. Chief Rilling refused and continues to refuse to return the Plaintiff's firearms unlawfully seized from her home by the seven Defendants, named in paragraph 27, above, on February 16, 2011.

**COUNT ONE:** **UNREASONABLE SEARCH AND SEIZURE OF PROPERTY, IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 (AGAINST LIEUTENANT THOMAS MATERRA, In his Individual and Official Capacities; SERGEANT JAMES WALSH, In His Individual and Official Capacities; OFFICER JARED ZWICKLER, In His Individual Capacity; OFFICER WILLIAM CURWEN, In His Individual Capacity; OFFICER JEREMY SALLEY, In His Individual Capacity; OFFICER KENNETH FLUDD, In His Individual Capacity; and OFFICER FRANK REDA, In His Individual Capacity)**

37. Paragraphs 1-36, above, are hereby incorporated as alleged by the Plaintiff under Count One.

38. Lieutenant Materra, Sergeant Walsh, Officer Zwickler, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda, acting under color if state law, seized the Plaintiff's property on February 16, 2011, without a warrant.

39. In entering the Plaintiff's home and seizing her property without a warrant, the actions of Lieutenant Materra, Sergeant Walsh, Officer Zwickler, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda were objectively unreasonable.

40. Moreover, in so acting, Lieutenant Materra, Sergeant Walsh, Officer Zwickler, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda failed to follow applicable laws and procedures.

41. Lieutenant Materra, Sergeant Walsh, Officer Zwickler, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda lacked legal grounds to enter the Plaintiff's home and seize her property on February 16, 2011.

42. The unlawful entry into the Plaintiff's home and seizure of the Plaintiff's property by Lieutenant Materra, Sergeant Walsh, Officer Zwickler, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda without a warrant are the proximate cause of the injury, damages, loss and harm sustained by the Plaintiff.

**COUNT TWO:** **UNREASONABLE SEARCH AND SEIZURE DUE TO FAILURE TO TRAIN, IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 (AGAINST THE CITY OF NORWALK; CHIEF HARRY W. RILLING, In His Official Capacity; LIEUTENANT THOMAS MATERRA, In His Official Capacity; and SERGEANT JAMES WALSH, In His Official Capacity)**

43. Paragraphs 1-36, above, are hereby incorporated as alleged by the Plaintiff under Count Two.

44. The Plaintiff was injured and sustained loss of property as a result of the City of Norwalk's failure to train its police officers in the application of exceptions to the search warrant requirements of the Fourth and Fourteenth Amendments to the United States Constitution.

45. As a result of the City of Norwalk's failure to adequately train its officers, the Plaintiff's home was unlawfully entered and her property unlawfully seized by Lieutenant Materra, Sergeant Walsh, Officer Zwickler, Officer Curwen, Officer Salley, Officer Fludd, and Officer Reda.

46. The City of Norwalk's failure to provide adequate and proper training for its officers was cause of Plaintiff's injuries, losses and harms.

47. As a result of the City of Norwalk's violations of the Fourth and Fourteenth Amendments to the United States Constitution, the Plaintiff has suffered and will continue to suffer damages, including emotional duress and loss of personal property.

**COUNT THREE:** **DEPRIVATION OF RIGHT TO KEEP AND BEAR ARMS, IN VIOLATION OF THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 (AGAINST CHIEF HARRY W. RILLING, In His individual and Official Capacities; LIEUTENANT THOMAS MATERRA, In his Individual and Official Capacities; SERGEANT JAMES WALSH, In His Individual and Official Capacities; OFFICER JARED ZWICKLER, In His Individual Capacity; OFFICER WILLIAM CURWEN, In His Individual Capacity; OFFICER JEREMY SALLEY, In His Individual Capacity; OFFICER KENNETH FLUDD, In His Individual Capacity; and OFFICER FRANK REDA, In His Individual Capacity)**

48. Paragraphs 1-36, above, are hereby incorporated as alleged by the Plaintiff under Count Three.

49. The Plaintiff's actions were lawful on February 16, 2011, in that she possessed firearms in her home.

50. The Defendants' actions unlawfully deprived the Plaintiff of the right to possess firearms in her home for personal protection as guaranteed under the Second and Fourteenth Amendments to the United States Constitution.

51. The deprivation of the Plaintiff's rights under the Second and Fourteenth Amendments to the United States Constitution is evidenced further by Chief Rilling's refusal to return the Plaintiff's property unlawfully held by Norwalk Police Department.

52. As a result of the Defendants' violations of the Second and Fourteenth Amendments to the United States Constitution, the Plaintiff has suffered and will continue to suffer damages, including emotional duress and loss of personal property.

**COUNT FOUR:** **DEPRIVATION OF RIGHT TO KEEP AND BEAR ARMS, IN VIOLATION OF ARTICLE I, §15 OF THE CONNECTICUT CONSTITUTION (AGAINST CHIEF HARRY W. RILLING, In His individual and Official Capacities; LIEUTENANT THOMAS MATERRA, In his Individual and Official Capacities; SERGEANT JAMES WALSH, In His Individual and Official Capacities; OFFICER JARED ZWICKLER, In His Individual Capacity; OFFICER WILLIAM CURWEN, In His Individual Capacity; OFFICER JEREMY SALLEY, In His Individual Capacity; OFFICER KENNETH FLUDD, In His Individual Capacity; and OFFICER FRANK REDA, In His Individual Capacity)**

53. Paragraphs 1-36, above, are hereby incorporated as alleged by the Plaintiff under Count Four.

54. The Plaintiff's actions on February 16, 2011, were lawful in that she possessed firearms in her home.

55. The Defendants' actions unlawfully deprived the Plaintiff of the right to possess firearms in her home for personal protection as guaranteed under Article I, §15 of the Connecticut Constitution.

56. The deprivation of the Plaintiff's rights under the Connecticut Constitution is evidenced further by Chief Rilling's refusal to return the Plaintiff's property unlawfully held by Norwalk Police Department.

57. As a result of the Defendants' violations of the Connecticut Constitution, the Plaintiff has suffered and will continue to suffer damages, including emotional duress and loss of personal property.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Compensatory damages, including damages for physical injury, emotional distress and harm to reputation;

2. Punitive damages;

3. Interest;

4. Attorneys' fees and costs; and

5. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                        PLAINTIFF
                        BARBARA C. DOUTEL

BY:   /s/ Rachel M. Baird
        Rachel M. Baird (ct 12131)
        Law Office of Rachel M. Baird
        379 Prospect Street
        Torrington CT 06790-5238
        Tel: (860) 626-9991
        Fax: (860) 626-9992
        Email: rbaird@rachelbairdlaw.com